IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MALIK JA'RELLE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAVANNAH, GEORGIA; CITY OF POOLER, GEORGIA; AND CITY OF PORT WENTWORTH, GEORGIA,<br><br>Defendants. | CIVIL ACTION NO.: 4:21-cv-272 |

**O R D E R**

Plaintiff Malik Ja'Relle Williams, proceeding *pro se,* initiated this action against Defendants City of Savannah, Georgia ("Savannah"), City of Pooler, Georgia ("Pooler"), and City of Port Wentworth, Georgia ("Port Wentworth"), alleging that police officers violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution. (Doc. 1, p. 3.) Presently before the Court is Defendants Savannah, Port Wentworth, and Pooler's Motion to Dismiss by Special Appearance. (Doc. 10.) For the reasons stated below, the Court **GRANTS in part and DISMISSES in part** Defendants' Motion to Dismiss. (Id.)

**BACKGROUND**

On September 27, 2021, Plaintiff Williams filed a Complaint against Defendants Savannah, Pooler, and Port Wentworth (collectively "Defendants") alleging that Defendants' police officers "decided not to do their job" on eight different dates between June 19, 2017, and May 24, 2021. (Doc. 1, p. 4.) The Complaint also alleges that, on June 4, 2019, Officer William Huseth, of Pooler, Georgia, "decided to arrest [Plaintiff]," even though he "was suppose[d] to just

[give him] a ticket." (Id.) According to Plaintiff, Officer Huseth "took [Plaintiff's] kindness as weakness" and arrested him "in front of multiple police officers." (Id.) Plaintiff also alleges that "employees inside the department building ignored [his] calls and their co-workers['] crucial mistakes." (Id. at p. 5.) Furthermore, the Complaint states that Plaintiff's Eighth and Fourteenth Amendment rights under the United States Constitution were violated and that the officers' alleged misconduct was intentional. (Id. at p. 3.) Plaintiff requests the following relief: "the money that was spent on [his] release of [sic] jail," estimated at $800, and $210 million in punitive damages. (Id. at pp. 4–5.)

At the time the Complaint was filed, Plaintiff had two pending cases before this Court: (1) a 42 U.S.C. § 1983 ("Section 1983") case against the three Defendants in this matter, Williams v. City of Savannah, No. 4:21-cv-170 (S.D. Ga. filed June 4, 2021), and (2) a Section 1983 case against Officer Huseth, Defendant Savannah, and Defendant Pooler, Williams v. Huseth, 4:21-cv-124 (S.D. Ga. filed Apr. 23, 2021). Pertinently, in Williams v. City of Savannah, Plaintiff alleged that he was "arrested for actions [he] didn't commit" and that police officers "refused [his] rights," "wouldn't write a police report[,] or . . . show up to [his] address." (No. 4:21-cv-170, doc. 6, p. 4.)

On October 26, 2021, Defendants filed the at-issue Motion to Dismiss by Special Appearance. (Doc. 10.) Defendants argue, *inter alia*, that Plaintiff's claims are barred under the prior pending action doctrine and that Plaintiff failed to state a Section 1983 claim because he did not allege that Defendants violated any unconstitutional policy or custom.[1] (Id.) Plaintiff filed a Response. (Doc. 14.)

---

[1] Defendants state that they are "appearing by special appearance because they have not been properly served in this matter." (Doc. 10, p. 1 n.1.) Accordingly, Defendants also seek dismissal of the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5). (See id. at p. 4.) Defendants also argue that Plaintiff's claims are barred by the statute of limitations to the extent they are based on his

On March 3, 2022, while Defendants' Motion in this case was pending, the Court terminated Plaintiff's other actions by granting the defendants' motions to dismiss filed therein. See Williams v. City of Savannah, No. 4:21-cv-170, 2022 WL 634374, at *1 (S.D. Ga. Mar. 3, 2022); Williams v. Huseth, No. 4:21-cv-124, 2022 WL 634375, at *1 (S.D. Ga. Mar. 3, 2022). Specifically, in Williams v. City of Savannah, Defendants Savannah, Port Wentworth, and Pooler moved to dismiss Plaintiff's Section 1983 claims against them, arguing, *inter alia*, that (1) Plaintiff failed to properly serve Defendant Pooler and (2) Plaintiff failed to state a claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). (No. 4:21-cv-170, doc. 8, pp. 4–6.) The Court found that Plaintiff failed to serve Defendant Pooler and did not show good cause for his failure to do so and, accordingly, dismissed Plaintiff's claims against Defendant Pooler without prejudice. See Williams v. City of Savannah, No. 4:21-cv-170, 2022 WL 628867, at *3 (S.D. Ga. Jan. 28, 2022), *report and recommendation adopted*, 2022 WL 634374, at *1 (S.D. Ga. Mar. 3, 2022). The Court also determined that Plaintiff's Section 1983 claims were barred under Monell because he failed to allege that Defendants maintained an unconstitutional policy or custom, and, accordingly, dismissed Plaintiff's claims against Defendants Savannah and Port Wentworth with prejudice. Id. In Williams v. Huseth, the Court determined that Plaintiff's claims were subject to dismissal for failure to prosecute. See Williams v. Huseth, No. 4:21-cv-124, 2022

---

arrest by Officer Huseth on June 4, 2019. (Id. at pp. 5–6.) However, the Court need not address whether Defendants Savannah and Port Wentworth were properly served since the Court is dismissing Plaintiff's claims against them on *res judicata* grounds. See Discussion Section II, infra. Additionally, the Court need not address Defendants' statute of limitations argument since it is dismissing Plaintiff's wrongful arrest claim for failure to state a claim. See Discussion Section III, infra. Moreover, the Court declines to address whether Defendant Pooler was properly served because it is affording Plaintiff the opportunity to file an Amended Complaint to cure certain deficiencies in the Complaint with respect to his remaining claims. See Discussion Section IV, infra (discussing the Complaint's shotgun pleading defects). However, Defendant Pooler may re-raise its improper service argument in a motion to dismiss Plaintiff's Amended Complaint (should he choose to file one). See Discussion Section IV, infra; see also Conclusion, infra.

WL 635428, at *1 (S.D. Ga. Jan. 28, 2022), *report and recommendation adopted*, 2022 WL 634375, at *1 (S.D. Ga. Mar. 3, 2022).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Moreover, a complaint that "tenders naked assertions devoid of further factual enhancement" or solely pleads facts which are "merely consistent with a defendant's liability" fails to state a claim. Id. (internal quotations and citations omitted).

Where, as here, a plaintiff is proceeding *pro se*, the "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), and the Court "may not serve as de facto counsel for a [*pro se*] party, or rewrite an otherwise deficient pleading in order to sustain an action." Ausar-El v. BAC Home Loans Servicing LP, 448 F. App'x 1, 2 (11th Cir. 2011) (per curiam) (citation and internal quotation marks omitted).

# DISCUSSION

## I. Clarifying the Statutory Basis for Plaintiff's Claims

The Complaint alleges that police officers violated Plaintiff's constitutional rights. (See doc. 1.) Specifically, in the "Basis for Jurisdiction" section of the Complaint, which Plaintiff completed using a form, Plaintiff responded to a prompt asking him to "[l]ist the specific federal statutes . . . and/or provisions of the United States constitution that are at issue in this case" by stating, in relevant part, "I claim that my [Fourteenth] and [E]ighth [A]mendment [rights] w[ere] violated." (Id. at p. 3.) The Complaint does not, however, mention Section 1983, which is the statutory vehicle for redressing deprivations of constitutional rights by state officials. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017); Sanders v. Prentice-Hall Corp., No. 97-6138, 1999 WL 115517, at *1 (6th Cir. Feb. 8, 1999) ("The Constitution does not directly provide for damages; thus, in order to sustain . . . constitutional causes of action, [plaintiffs] must proceed under one of the statutes authorizing damages for constitutional violations."). Nonetheless, because Plaintiff is proceeding *pro se* and has alleged that police officers' conduct violated his Eighth and Fourteenth Amendment rights, the Court liberally construes the Complaint as pursuing relief under Section 1983. See, e.g., Miller v. E. Lake Mgmt., No. 85 C 5280, 1985 WL 2932, at *2 (N.D. Ill. Oct. 2, 1985) (construing *pro se* litigant's complaint which alleged a violation of the Fourteenth Amendment, but which failed to reference Section 1983, as seeking relief under Section 1983).

## II. Plaintiff's Claims Against Defendants Savannah and Port Wentworth Are Barred by the Doctrine of *Res Judicata*.

In their Motion to Dismiss, Defendants argue that Plaintiff's claims are barred by the prior pending action doctrine because "Plaintiff has two prior actions pending against [Defendants] Savannah and Pooler" and "one prior action pending against [Defendant] Port Wentworth in which the issues and relief sought do not significantly differ." (Doc. 10, pp. 3–4.) This argument is now

5

moot. The prior pending action doctrine permits a court to dismiss a complaint "alleging the same cause of action as a prior, *pending*, related action." Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985); see also Nelson v. Royal, No. 3:20-cv-125-CDL, 2020 WL 8093581, at *3 (M.D. Ga. Nov. 17, 2020) ("[A] court may dismiss an action when a prior *pending* action has been filed as long as the 'controlling issues in the dismissed action will be determined in the other lawsuit.'") (emphasis added) (quoting Holliday v. City of Newington, No. 3:03-cv-1824, 2004 WL 717160, at *1 (D. Conn. Mar. 19, 2004)). On March 3, 2022, while Defendants' Motion was still pending, the Court dismissed Plaintiff's two prior actions. See Williams v. City of Savannah, 2022 WL 634374, at *1 (adopting magistrate judge's report and recommendation granting Defendants' motion to dismiss for failure to state a claim (as to Defendants Savannah and Port Wentworth) and improper service (as to Defendant Pooler)); Williams v. Huseth, 2022 WL 634375, at *1 (adopting magistrate judge's report and recommendation granting motion to dismiss for failure to prosecute). Thus, because Plaintiff no longer has any other actions pending before this Court, the doctrine is inapplicable. See, e.g., Conklin v. Warrington Twp., No. 1:06-CV-2245, 2008 WL 2704629, at *13 (M.D. Pa. July 7, 2008) ("While the prior action appears to involve the same subject matter and the same defendant as the instant case, the prior action was resolved by this court by memorandum and order dated November 30, 2007. . . . Therefore, the court must deny . . . defendants' motion to dismiss to the extent it is premised on the prior pending action rule.").

Notwithstanding, while not raised by Defendants, Plaintiffs claims against Defendants Savannah and Port Wentworth are barred by *res judicata*.[2] "The doctrine of *res judicata*, or claim

---

[2] "[D]ismissal by the court *sua sponte* on *res judicata* grounds . . . is permissible in the interest of judicial economy where both actions were brought before the same court." Boone v. Kurtz, 617 F.2d 435, 436 (5th Cir. 1980); see Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). "*Res judicata* acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998) (internal quotations omitted). In order for *res judicata* to apply, "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Lobo, 704 F.3d at 892.

The doctrine of *res judicata* precludes Plaintiff's claims against Defendants Savannah and Port Wentworth because the Court dismissed Plaintiff's claims against those Defendants with prejudice in Williams v. City of Savannah, No. 4:21-cv-170 (hereinafter the "Prior Case").[3] See Williams v. City of Savannah, 2022 WL 634374, at *1. As to the first element, the Court had subject matter jurisdiction over the Prior Case because a federal question appeared on the face of Plaintiff's amended complaint: whether Plaintiff's Fourteenth Amendment rights were deprived under color of state law in violation of Section 1983. (See No. 4:21-cv-170, doc. 6, p. 3); see also Harris v. Hill, No. 6:19-cv-097, 2021 WL 3729992, at *4 (S.D. Ga. July 30, 2021), *report and recommendation adopted*, No. 6:19-cv-097, 2021 WL 3729973 (S.D. Ga. Aug. 23, 2021) (finding first element satisfied where prior action was a Section 1983 claim filed in this Court). Concerning the second element, the Court's determination that Plaintiff failed to state a claim against

---

[3] However, *res judicata* does not preclude Plaintiff from asserting his claims against Defendant Pooler because the Court dismissed Plaintiff's claims against it in the Prior Case *without* prejudice for improper service on Defendant Pooler. See Williams v. City of Savannah, 2022 WL 628867, at *3, *report and recommendation adopted*, 2022 WL 634374, at *1.

Defendants Savannah and Port Wentworth in the Prior Case and the decision to dismiss his claims "with prejudice" qualify as final judgments on the merits for *res judicata* purposes. See Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990) ("[D]ismissal of a complaint with prejudice satisfies the requirement that there be a final judgment on the merits. The phrases 'with prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim preclusion."); Moitie, 452 U.S. at 399 n.3 ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). As to the third element, the parties in this case and the Prior Case are identical; in each case, Plaintiff sued Defendants Savannah and Port Wentworth. (Compare doc. 1, with No. 4:21-cv-170, doc. 6.)

Finally, concerning the fourth element, both cases involve the same cause of action. "The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). "[I]f a case arises out of the same nucleus of operative fact[] or is based upon the same factual predicate[] as a former action, th[en] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." Citibank, N.A., 904 F.2d at 1503. "In making this determination, the district court simply compares the factual issues explored in the first action with those pending in the second." Booth v. Quantum Chem. Corp., 942 F. Supp. 580, 585 (S.D. Ga. 1996) (citing Israel Disc. Bank Ltd. v. Entin, 951 F.2d 311, 315 (11th Cir. 1992)). When doing so, the Court takes judicial notice of the subject matter of the prior suit and the Court's decision therein, see United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994), and "look[s] at the facts empirically rather than tak[ing] a semantical view of the stated claim[]," Booth, 942 F. Supp. at 585 (citing I.A. Durbin, Inc., 793 F.2d at 1549).

This case arises from precisely the same alleged misconduct as the Prior Case. In both cases, Plaintiff alleges that his constitutional rights were violated when police officers refused to perform their duties on numerous dates spanning from June 9, 2017, to May 24, 2021, and when Officer Huseth wrongfully arrested him on June 4, 2019. (See doc. 1, p. 4; see also No. 4:21-cv-170, doc. 6, pp. 4–5.) In fact, every single date Plaintiff alleges police officers "were called to write down criminal actions but decided not to do their jobs" was mentioned in the Prior Case.[4] (Compare doc. 1, p. 4, with No. 4:21-cv-170, doc. 6, p. 4 (listing the dates on which the "events giving rise to [Plaintiff's] claim[s] occurred").) Furthermore, Plaintiff's claims are phrased similarly; in each case, Plaintiff alleged that officers failed to "do their job." (See doc. 1, p. 4; see also No. 4:21-cv-170, doc. 6, pp. 4–5); see Dickerson v. Hambrick, No. 4:06-CV-0013-RLV, 2007 WL 4564102, at *3 (N.D. Ga. Dec. 20, 2007) ("In view of the nearly identical wording of the claims in both cases[,] . . . this court concludes that the fourth element of the claim preclusion analysis has been met."). Thus, because the cases arise from the same "nucleus of operative facts" and "[a]n adjudication of [P]laintiff's current . . . claims[] would address the same rights and duties," the Court finds that Plaintiff is asserting the same cause of action for *res judicata* purposes. Jones v. New England Life Ins. Co., 974 F. Supp. 1476, 1481 (M.D. Ga. 1996); see, e.g., Simmons v. Coffee County, No. 5:14-cv-19, 2014 WL 6455137, at *4 (S.D. Ga. Nov. 13, 2014) ("Plaintiff asserts the same causes of action against these Defendants[] because the two cases arise out of the same nucleus of operative fact—Plaintiff's imprisonment following his arrest and the property

---

[4] The following dates (and, in some cases, times of day) are listed in both the Complaint in this case and Plaintiff's amended complaint in the Prior Case: (1) June 19, 2017; (2) November 8, 2020, at 12:15 AM; (3) May 2, 2020; (4) June 18, 2020, at 5:45 PM; (5) January 30, 2021, at 1:12 PM; (6) February 9, 2021, at 5:04 PM; (7) March 12, 2021, at 7:40 AM; and (8) May 24, 2021, at 4:40 PM. (Compare doc. 1, p. 4; with No. 4:21-cv-170, doc. 6, p. 4.)

dispute."). Accordingly, since all four elements are satisfied, Plaintiff's claims against Defendants Savannah and Port Wentworth are barred by the doctrine of *res judicata*.

### III. Plaintiff Failed to State a Section 1983 Claim Based on His Alleged Wrongful Arrest by Officer Huseth.

Plaintiff's wrongful arrest claim must be dismissed for failure to state a municipal liability claim under Section 1983. In Monell v. Department of Social Services, 436 U.S. 658 (1978), the United States Supreme Court strictly limited municipal liability under Section 1983 and clarified that municipalities are not liable via *respondeat superior* for the wrongful actions of their police officers. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (quoting Monell, 346 U.S. at 691). Under Monell, "a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." Id. (quoting Monell, 346 U.S. at 694–95); see also City of Canton v. Harris, 489 U.S. 378, 385 (1989) ("It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under [Section] 1983.") (internal quotations omitted). Thus, "to impose [Section] 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing Canton. 489 U.S. at 388). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and widespread practice." Id. at 1290 (internal quotations omitted); see Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986) ("Normally[,] random acts or isolated incidents are insufficient to establish a custom or policy."). Requiring Section 1983 plaintiffs to identify an unconstitutional custom or policy "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may

fairly be said to be those of the municipality." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403–04 (1997).

The Complaint alleges that "[o]n June 4, 2019, police officer William Huseth, of Pooler, Georgia decided to arrest [Plaintiff]. He was suppose[d] to just [give] [Plaintiff] a ticket but took [Plaintiff's] kindness as weakness and made that arrest in front of multiple police officers." (Doc. 1, p. 4.) However, "a single incident of a constitutional violation is insufficient to prove a policy or custom." Craig v. Floyd County, 643 F.3d 1306, 1311 (11th Cir. 2011). The Complaint does not allege that Defendant Pooler (by whom Huseth was allegedly employed)—or either of the other Defendants, for that matter—maintained an unconstitutional policy or custom of making wrongful arrests (much less one that was widespread), or that such a policy caused Plaintiff's alleged injuries. (See generally doc. 1.) Indeed, other than his alleged arrest on June 4, 2019, Plaintiff fails to point to any other incidents in which any Defendant's police officers arrested him or anyone when they were "suppose[d] to just [issue] . . . a ticket." (Id. at p. 4.) Thus, because Plaintiff has not plausibly alleged that Officer Huseth (or any other officer) arrested him pursuant to an unconstitutional policy or custom, he has failed to state a claim of municipal liability under Section 1983. See, e.g., Guerra v. Rockdale County, 420 F. Supp. 3d 1327, 1347 (N.D. Ga. 2019) (dismissing Section 1983 claim where "Plaintiff failed to allege [that] a Rockdale County policy or custom . . . led to the violation of his constitutional rights"); Charles v. Brajdic, 420 F. Supp. 3d 1319, 1325–26 (S.D. Fla. 2019) ("Charles does not point to a county-wide policy, but instead focuses on the isolated decision of the mayor and various other officials to appear at a press conference. . . . These allegations are simply not enough to establish an unconstitutional municipal policy. . . . Charles presents no evidence that the appearances were made pursuant to a policy adopted by the official or officials responsible for making policy in that particular area of the city's

11

business, as determined by state law. Since Charles has not alleged a custom, policy, or practice, his [Section] 1983 claim against the County cannot survive dismissal.") (internal quotations and citations omitted).

### IV. The Complaint is a Shotgun Pleading with Respect to Plaintiff's Remaining Claims.

Plaintiff's remaining claims alleging that certain officers and employees failed to perform their duties are subject to dismissal because the Complaint is a shotgun pleading with respect thereto. (See doc. 1, pp. 4–5.) "A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations omitted). Shotgun pleadings are pleadings that violate either Federal Rule of Procedure 8(a)(2)[5] or Rule 10(b).[6] Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified "four rough types" of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

---

[5] Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[6] Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

Id. at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, Plaintiff's pleading concerning the alleged failure by police officers and other police department employees to render assistance to him in response to his calls (on multiple occasions) falls within the Eleventh Circuit's fourth category of shotgun pleadings. Specifically, despite having named three municipalities as Defendants, Plaintiff alleges, only very generally, that "*[p]olice officers* were called to write down criminal actions but decided not to do their job" on eight specified dates and that "*employees* inside *the department* building ignored [Plaintiff's] calls and their co-workers['] crucial mistakes." (Doc. 1, pp. 4–5 (emphasis added).) Plaintiff does not specify which Defendant(s) employed the officer(s) who failed to act on each of the listed dates nor does he specify which municipality's employees allegedly ignored his calls and their co-workers' "mistakes." (See id.) This is particularly problematic given that Defendant Pooler is the sole remaining Defendant in this case, yet it is not clear whether Plaintiff claims that *any* of the at-issue instances involved an officer or other employee of the City of Pooler. (See generally doc. 1.) As such, the Complaint fails to adequately notify Defendant Pooler whether Plaintiff is claiming that it—as opposed to now-dismissed Defendants Savannah or Port Wentworth—is liable for the constitutional violations that he claims he suffered on each of the eight listed dates.

Because Plaintiff is proceeding *pro se*, the Court will allow him to file an Amended Complaint to clarify which (if any) of the alleged instances of inaction and/or misconduct were committed by employees of Defendant Pooler. Schmitt v. U.S. Off. of Pers. Mgmt., 403 F. App'x 460, 462 (11th Cir. 2010) ("Where it appears that a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend his complaint instead

13

of dismissing it."). Plaintiff's Amended Complaint shall supplement *only* the "Statement of Claim" section of his Complaint, and Plaintiff's supplementation shall be limited to specifying (by date) which, if any, of the eight listed incidents involved officers and/or individuals employed by the City of Pooler. (See doc. 1, pp. 4–5.) Plaintiff shall not attempt to add to or alter the allegations concerning the now-dismissed claim that he was wrongfully arrested by Officer Huseth on June 4, 2019, nor shall he attempt to add any new claims or causes of action. See Discussion Section III, supra. Should Plaintiff fail to file an Amended Complaint in a timely manner, Plaintiff's remaining claims against Defendant Pooler will be subject to dismissal.[7]

## CONCLUSION

Based on the forgoing, the Court **GRANTS in part and DENIES in part** Defendants City of Savannah, City of Pooler, and City of Port Wentworth's Motion to Dismiss by Special Appearance. (Doc. 10.) Specifically, the Court **GRANTS** Defendants' Motion with respect to Plaintiff's claims against Defendants Savannah and Port Wentworth on *res judicata* grounds. Accordingly, Plaintiff's claims against Defendants Savannah and Pooler are **DISMISSED with prejudice**. The Court also **GRANTS** Defendants' Motion to Dismiss with respect to Plaintiff's claim that Officer Huseth wrongfully arrested him on June 4, 2019. Accordingly, that claim is **DISMISSED with prejudice**. However, the Court **DENIES** Defendants' Motion **without prejudice** with respect to Plaintiff's remaining claims against Defendant Pooler and **DIRECTS** Plaintiff to file an Amended Complaint **within twenty-one (21) days** which complies with the specifications and limitations set forth in this Order. See Discussion Section IV, supra; see also

---

[7] The Court is cognizant that Plaintiff completed the Complaint using a form. Should Plaintiff be unable to access an identical, blank form, he may re-file the Complaint as his Amended Complaint and attach as an exhibit a document containing the supplemental allegations. Alternatively, he may (clearly and legibly) handwrite the supplemental allegations on a copy of the Complaint and re-file it as an Amended Complaint. Regardless of the format he chooses, however, Plaintiff may only add the allegations permitted by this Order. See Discussion Section IV, supra.

note 7, supra.  Additionally, the Court **AFFORDS** Defendant Pooler the opportunity to file a motion to dismiss **within twenty-one (21) days** of the filing of Plaintiff's Amended Complaint.  Therein, Defendant Pooler may re-raise any arguments (if applicable) concerning service and/or statutes of limitations.  See note 1.  If Plaintiff fails to file an Amended Complaint which complies with this Order within the time allotted, his remaining claims against Defendant Pooler will be subject to dismissal.

      **SO ORDERED**, this 23rd day of June, 2022.

*[signature]*

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA