IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MALIK JA'RELLE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF POOLER,<br><br>    Defendant. | CIVIL ACTION NO.: 4:21-cv-272 |

**O R D E R**

This matter comes before the Court upon Plaintiff's failure to comply with or in any way respond to the Court's June 23, 2022, Order, which directed him to file an amended complaint. (Doc. 22.) For the following reasons, the Court **GRANTS** Defendant City of Pooler's Motion to Dismiss, (doc. 23), and **DISMISSES** this action **WITHOUT PREJUDICE**.

**BACKGROUND**

The background of this case is laid out in detail in the Court's June 23, 2022, Order. (Id.) Put succinctly, Plaintiff, who is proceeding *pro se*, filed suit against the City of Savannah, the City of Pooler, and the City of Port Wentworth. (Doc. 1.) Those Defendants appeared specially, as they had not been served, and filed a motion to dismiss. (Doc. 10.) The Court issued an Order finding that Plaintiff's claims against Defendants City of Savannah and City of Port Wentworth were barred by the doctrine of *res judicata* and thus subject to dismissal. (Id. at pp. 5–10.) As to the remaining Defendant (the City of Pooler), the Court determined that the Complaint was a shotgun pleading that did not adequately notify that Defendant of Plaintiff's claims against it. (Id. at pp. 12–14.) Accordingly, the Court gave Plaintiff the opportunity to file an amended complaint "to clarify which (if any) of the alleged instances of inaction and/or misconduct were committed

by employees of Defendant Pooler." (Id. at p. 13.)  The Court set forth specific parameters for any amended complaint, established a deadline of twenty-one days for the filing of an amended complaint, and twice warned Plaintiff that if he failed to file an amended complaint his claims against the City of Pooler would be at risk of dismissal.  (Id. at pp. 14–15.)

More than three months have passed, and Plaintiff has not filed an amended complaint. The City of Pooler has filed a Motion to Dismiss based on plaintiff's failure to file an amended complaint.  (Doc. 23.)  Plaintiff has not responded to the Motion to Dismiss.

**DISCUSSION**

A district court may dismiss a plaintiff's claims pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, here, the Court warned Plaintiff that his failure to file an amended complaint would subject his case to dismissal.  (Doc. 22, p. 15.)

Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.[2]

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F.

---

[2] Moreover, Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff, as here, fails to effect service within 90 days of the filing of the complaint. A plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), aff'd, 415 F. App'x 161 (11th Cir. 2011) (per curiam) (citing Sanders, 151 F.R.D at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)).

App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite the Court's specific instructions ordering Plaintiff to file an amended complaint (as well as its explicit warning that the case could be dismissed if he failed to comply), Plaintiff failed to comply with the Court's Order.[3]  Additionally, Plaintiff neglected to file any sort of response to Defendant's Motion to Dismiss, which also constitutes a failure to prosecute this case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant City of Pooler's Motion to Dismiss, (doc. 23), **DISMISSES without prejudice** Plaintiff's Complaint, and **DIRECTS** the Clerk of Court to **ENTER** the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 11th day of October, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Due to Plaintiff's failure to amend his pleading, the Complaint, as it currently stands, constitutes an impermissible shotgun pleading from which the Court is unable to discern any actionable claims against the City of Pooler.